UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| MATTHEW K. O'NEIL<br>　　　Plaintiff,<br><br>vs.<br><br>TRACE, INC. an Idaho Corporation doing<br>business at Fort Campbell, Kentucky,<br>JOSE CORASCO, Individually and as an agent of<br>Trace, Inc., JOE SUMMERS, Individually and as<br>an agent of Trace, Inc. | File No.: 5:11CV-106-R<br>JURY DEMAND |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.  Plaintiff, Matthew K. O'Neil, by counsel, brings this action against Defendants for unlawfully violating his rights as protected by the common law of the Commonwealth of Kentucky, the Kentucky Civil Rights Act (KRS § 344.010, *et seq.*); the American's with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et seq.*); Section 503 of the Rehabilitation Act of 1973, as amended (29 U.S.C. § 793; 41 C.F.R. §§ 60-1.1 *et seq.*, 60-742.1 *et seq.*); the Family and Medical Leave Act, as amended (29 U.S.C. § 2601 *et seq.*).

### II. PARTIES

2.  Plaintiff, Matthew K. O'Neil, is a citizen and resident of Clarksville, Montgomery County, Tennessee, formerly employed by Trace, Inc., until the discrimination and wrongful termination which is the subject of this complaint.

3.  Defendant, Trace Inc., is believed to be incorporated in Idaho with principal place of business located at 5850 W. Cherry Lane, Meridian, Idaho 83692-5342 and also to be organized and existing pursuant to the laws of the Commonwealth of Kentucky, through its

business located at 2702 Michigan Avenue Fort Campbell, Kentucky 42223 and may be served with process through its registered agent Eric L. Haff, located at 1109 Main Street, Suite 500, Boise, Idaho 83702.

    4.    Defendant, Jose Corasco, is a Supervisor for Trace Inc. working at 2707 Michigan Avenue, Fort Campbell, Kentucky 42223, and can be serviced with process at the same address.

    5.    Defendant, Joe Summers, is a Supervisor for Trace Inc. working at 2707 Michigan Avenue, Fort Campbell, Kentucky 42223, and can be serviced with process at the same address.

### III. JURISDICTION AND VENUE

    6.    Jurisdiction is conferred on this Court over the subject matter of this Complaint pursuant to 42 U.S.C. § 2000e-5(f)(3). 28 U.S.C. §§ 1331, 1343, 1367.

    7.    Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and KRS 344.030(2).

    8.    Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and KRS 344.010(1).

    9.    At all times relevant to this action, Mr. O'Neil was an "employee" as the term is defined by 42 U.S.C. § 2000e(f) and KRS 344.030(5).

    10.    Mr. O'Neil satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 474-2010-00924 against Defendant alleging discrimination based on disability. A copy of the timely charge of discrimination with the Equal Employment Opportunity Commission is attached hereto as Exhibit A. A copy of Mr. O'Neil's Notice of Right to Sue letter is attached hereto as Exhibit B.

11. Substantially all of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

12. Mr. O'Neil's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims for a single case and controversy under Article III of the United States Constitution.

## IV.  FACTUAL ALLEGATIONS

13. Plaintiff, Matthew K. O'Neil, is a qualified individual with a disability within the meaning of the American's with Disabilities Act.

14. Defendant is a federal contractor or subcontractor within the meaning of Section 503 of the Rehabilitation Act of 1973.

15. Mr. O'Neil, a mentally disabled individual, was hired by Defendant as a stocker, on or about January 2008.

16. Mr. O'Neil fully disclosed his disability and that there were no restrictions then or now based on his disability.

17. Mr. O'Neil was assigned to work at 2707 Michigan Avenue, Fort Campbell, Kentucky 42223 and continued to work there until his employment was terminated on or about November 29, 2009.

18. From the time Mr. O'Neil was hired on or around January 2008 until his wrongful termination on or around November 29, 2009, Jose Corasco and Joe Summers were Mr. O'Neil's direct supervisors and responsible for providing Mr. O'Neil with training, mentoring, guidance, supervision, advice, and developmental opportunities for Mr. O'Neil's employment and any aspects or changes thereof.

19. Throughout his employment, Mr. O'Neil suffered from employees and management subjecting him to heightened scrutiny, unwarranted complaints and criticisms, and derogatory remarks on the basis of his disability.

20. Defendant failed to take effective remedial action against employees, managers or supervisors for this heightened scrutiny, unwarranted complaints and criticisms, and derogatory remarks on the basis of his disability.

21. At all times relevant to this lawsuit, Mr. O'Neil met or exceeded Defendant's legitimate performance expectations.

22. Mr. O'Neil was subjected to less favorable terms, conditions, and privileges of employment on the basis of his disability than those terms, conditions, and privileges of employment that he would have received as an employee without a disability under similar circumstances.

23. On the basis of his disability and/or in retaliation against his protected activities, Mr. O'Neil was subjected to ongoing harassment so severe and pervasive that it altered the terms, conditions, and privileges of his employment with Defendant.

24. On or about Nov 1, 2009, Mr. O'Neil was hospitalized for double pneumonia, requiring extended leave and a temporary change in his ability to work.

25. On or about Dec. 1, 2009, Mr. O'Neil was released from any restrictions of work by his treating physician Dr. Michael West.

26. On or about Jan. 1, 2010, Mr. O'Neil was allowed to return to work, as the temporary restrictions had been removed by his treating physician.

27. On or about Jan. 1, 2010, Defendant terminated Mr. O'Neil's employment on the basis of his disability and/or in retaliation against him for engaging in activities protected by state and federal anti-discrimination statutes.

28. Defendant allowed Mr. O'Neil reasonable accommodation for his temporary restrictions and only later, after the fact, attempted to state that Mr. O'Neil's hospitalization and temporary restrictions could not be accommodated.

29. Defendant attempted to stylize Mr. O'Neil's temporary restrictions based on his hospitalization as full, ongoing restrictions because of his disability.

30. Defendant demanded releases from every doctor who treated Mr. O'Neil for both his temporary hospitalization and ongoing disability.

31. Defendant has and had no uniform policy of requiring physical examinations of injured employees who sought to return to work.

32. Mr. O'Neil's treating and long-term physicians released him to work with no restrictions on or about Jan. 2010.

33. Following his double pneumonia hospitalization, and at all times after Jan. 2010, Mr. O'Neil was able to return to work and perform the full duties of his position.

34. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

35. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. O'Neil has suffered pecuniary losses in the form of lost income and lost employment benefits, as well as, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

## VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT

36.  Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-36.

37.  Defendant's actions constitute a violation of the American's with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

38.  Defendant regarded Mr. O'Neil as disabled and, on this basis, treated him differently than other employees even though he was, at all relevant times, physically and mentally capable of performing all essential functions of his job.

39.  Defendant's discriminatory actions against Plaintiff were willful and knowingly committed.

40.  As a direct and proximate result of Defendant's adverse treatment of Mr. O'Neil in violation of the American's with Disabilities Act, Mr. O'Neil was injured and suffered damages.

41.  As a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of back pay, benefits, loss of pensions, loss of retirement, loss of health care, loss of health care and insurance benefits, and incidental expenses.

42.  Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of front pay, loss of future earnings, promotions, future benefits, and loss of ability to compete successfully in the labor market.

43. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, mental pain and anguish, severe emotional distress, pain and suffering, embarrassment, and humiliation.

44. Defendant engaged in the discriminatory practices alleged in this cause of action with malice, reckless indifference, and/or cruel and unjust hardship to Mr. O'Neil's federally and state protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a)-(b).

## COUNT II

### DISABILITY DISCRIMINATION IN VIOLATION OF

### THE KENTUCKY CIVIL RIGHTS ACT

45. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-45.

46. Defendant's conduct constitutes illegal discrimination on the basis of a disability and the perceived restriction to work in violation of the Kentucky Civil Rights Act, KRS § 344.010 *et seq.*

47. As a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of back pay, benefits, loss of pensions, loss of retirement, loss of health care, loss of health care and insurance benefits, and incidental expenses.

48. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of front pay, loss of future earnings, promotions, future benefits, and loss of ability to compete successfully in the labor market.

49. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, mental pain and anguish, severe emotional distress, pain and suffering, embarrassment, and humiliation.

50. Defendant engaged in the discriminatory practices alleged in this cause of action with malice, reckless indifference, and/or cruel and unjust hardship to Mr. O'Neil's federally and state protected rights, making Defendant liable for compensatory and punitive damages pursuant to KRS §§ 411.184, 411.186. The likelihood that serious harm would arise, the Defendant's awareness of that likelihood, the duration of the Defendant's actions, and the lack of any substantial attempt to remedy the misconduct make Mr. O'Neil fully entitled to punitive damages.

## COUNT III

## DISABILITY DISCRIMINATION AND FAILURE TO RETAIN AND PROMOTE IN VIOLATION OF SECTION 503 OF THE REHABILITATION ACT OF 1973

51. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-51.

52. Defendant is a federal contractor or subcontractor within the meaning of Section 503 of the Rehabilitation Act of 1973 and, therefore, prohibited from discriminating against individuals with disabilities.

53. Defendant is required under Section 503 of the Rehabilitation Act of 1973 to take affirmative action to retain and promote individuals with disabilities, which the Defendant failed to do, with malice, reckless indifference, and/or cruel and unjust hardship to Mr. O'Neil.

54. Defendant's conduct constitutes illegal discrimination on the basis of a disability and the perceived restriction to work in violation of Section 503 of the Rehabilitation Act of 1973 29 U.S.C. § 793; 41 C.F.R. §§ 60-1.1 *et seq.*, 60-742.1 *et seq.*

55. As a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of back pay, benefits, loss of pensions, loss of retirement, loss of health care, loss of health care and insurance benefits, and incidental expenses.

56. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of front pay, loss of future earnings, promotions, future benefits, and loss of ability to compete successfully in the labor market.

57. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, mental pain and anguish, severe emotional distress, pain and suffering, embarrassment, and humiliation.

## COUNT IV

### INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER

### THE FAMILY AND MEDICAL LEAVE ACT

58. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-58.

59. Defendant's actions alleged herein constitute a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

60. Defendant's violation of the FMLA was willful and knowingly committed.

61. As a direct and proximate result of Defendant's violation of the FMLA, 29 U.S.C. § 2601, et seq., Mr. O'Neil was injured and suffered damages.

62. As a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of back pay, benefits, loss of pensions, loss of retirement, loss of health care, loss of health care and insurance benefits, and incidental expenses.

63. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of front pay, loss of future earnings, promotions, future benefits, and loss of ability to compete successfully in the labor market.

64. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, mental pain and anguish, severe emotional distress, pain and suffering, embarrassment, and humiliation.

## COUNT V

### BREACH OF CONTRACT

65. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1-65.

66. Mr. O'Neil's employment position was held under both express and implied promises and oral representations of job security and in accordance with Defendant's own actions, policies, and procedures, all of which constituted a contract of employment.

67. Defendant's actions in removing Mr. O'Neil from his position and their failure to reinstate him constitute a willful breach of his contract with the Defendant.

68. As a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of back pay, benefits, loss of pensions, loss of retirement, loss of health care, loss of health care and insurance benefits, and incidental expenses.

69. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, loss of front pay, loss of future earnings, promotions, future benefits, and loss of ability to compete successfully in the labor market.

70. Also as a direct and proximate result of Defendant's actions, Mr. O'Neil has suffered irreparable injuries, including but not limited to, mental pain and anguish, severe emotional distress, pain and suffering, embarrassment, and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff, Matthew K. O'Neil prays for damages including, but not limited to the following:

1. That proper process issue and be served upon the Defendant requiring them to answer this Complaint within the time allowed by law, but that the oath to answer is hereby waived, and in the alternative, that publication issue; and

2. That a jury of twelve hear this case; and

3. That, upon the trial of this matter, Plaintiff be awarded a judgment for damages of lost compensation he has suffered from the beginning of Defendant's discriminatory actions in an amount to be proven at trial; and

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible; and

5. That the Plaintiff be awarded liquidated damages equal to the amount of his lost compensation pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); and

6. That the Plaintiff be awarded additional compensatory damages pursuant to Counts I and II, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in the amount to be proven at trial; and

7. That any and all costs and discretionary costs be taxed against Defendant; and

8. That Defendant be ordered to pay punitive damages pursuant to Count I and II in an amount to be determined at trial; and

9. The costs and attorneys' fees be assessed against Defendant pursuant to 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205, and KRS § 344.450; and

10. That Pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law; and

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. That the Plaintiff be granted all such further, different and general relief to which he may show himself entitled to and/or as the Court may find appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Matthew K. O'Neil, by counsel, requests a trial by jury on all issues deemed so triable.

**RESPECTFULLY SUBMITTED** this the 20th day of June, 2011.

                                                _s/Edmund V. Smith_  
                                               EDMUND V. SMITH  
                                               KY BAR#  
                                               TN BPR#  
                                               244 Thompsonville Lane  
                                               Oak Grove, KY 42262  
                                               Phone: (270) 439-1175  
                                               Fax: (270) 439-1177

State of Tennessee          )  
County of Montgomery  )

    I, MATTHEW K. O'NEIL, first being duly sworn, make oath that I have read the foregoing, know the contents thereof, and that the same is true and correct to the best of my knowledge, information and belief; that this Complaint is not made out of levity or collusion with the Defendant, but in truth and sincerity and for the causes mentioned herein.

                                                 _s/Matthew K. O'Neil_  
                                                 MATTHEW K. O'NEIL

Sworn to and subscribed before me this 15th day of June, 2011

                                                 _s/Achantye Daws_  
                                                 NOTARY PUBLIC

                                                 My commission expires: __9/23/14__

Case 5:11-cv-00106-TBR-LLK   Document 1   Filed 06/20/11   Page 14 of 14 PageID #: 14